UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED ROAD LOGISTICS, LLC,

                    Plaintiff,

v.                                                  Case No. 16-cv-10641-NGE
                                                    Hon. Nancy Edmunds

DVM CAR TRANS, LLC, MICHAEL
SOYKHED and PROGRESSIVE
INSURANCE COMPANY,

                    Defendants

---

SAURBIER LAW FIRM, P.C.               FOSTER SWIFT COLLINS & SMITH PC
By: Marc D. Saurbier (P39331)         By: Dirk H. Beckwith (P35609)
Attorneys for Plaintiff               Attorneys for Defendants
400 Maple Park Blvd., Ste. 402        32300 Northwestern Highway, Suite 230
St. Clair Shores, Michigan 48081      Farmington Hills, Michigan 48334-1571
248.220.1538                          248.539.9918

---

## DVM CAR TRANS LLC'S MOTION TO DISMISS COUNT I OF UNITED'S COMPLAINT PURSUANT TO FED. R. CIV. PRO. 12(b)(6) AND REQUEST FOR ORAL ARGUMENT

DVM Car Trans, LLC ("DVM"), pursuant to Fed R. Civ. P. 12 (b)(6), moves this Court to dismiss Count I of United Road Logistics, LLC.'s ("United" ) Complaint because it fails to state a claim upon which relief can be granted against DVM Car Trans, LLC. and should be dismissed as a matter of law. In support of the motion, DVM Car Trans, LLC. states:

1.      Although United's Count I breach of contract claim (for alleged damage to an interstate shipment of goods) purports to be based on a certain "Broker/Contractor Agreement" entered into by United and DVM, *Complaint*, ¶¶ 5, 9 and Exhibit 1, that Agreement is void and of no force or effect because the Broker/Contractor Agreement did not include an express written waiver of the Carmack Amendment to the ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 14706, as required by 49 U.S.C. § 14101(b). In the absence of the required express written

waiver, the Carmack Amendment applies exclusively to the determination of a motor carrier's—DVM's—liability for interstate cargo damage and preempts United's breach of contract claim under the Broker/Contractor Agreement as a matter of law.

2.      This Motion is supported by the accompanying Brief.

3.      Pursuant to E.D. Mich. L.R. 7.1, there was a conference held between the attorneys for United and DVM Car Trans on February 23, 2016 in which DVM Car Trans' attorney explained the nature of the motion and its legal basis to United's attorney and requested, but did not obtain, concurrence in the relief sought.

4.      DVM Car Trans requests oral argument.

WHEREFORE, DVM Car Trans, LLC requests this Court dismiss with prejudice Count I of the United's Complaint pursuant to Fed R. Civ. P. 12(b)(6).

FOSTER, SWIFT, COLLINS & SMITH

*/s/ Dirk H. Beckwith*
By:  Dirk H. Beckwith
Foster Swift Collins & Smith PC
32300 Northwestern Hwy., Suite 230
Farmington Hills, MI 48334
Tel. (248) 539-9918
dbeckwith@fosterswift.com

February 29, 2016

10131118.1

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed manually or through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (see below) on this 29th day of February, 2016.

Marc D. Saurbier, Esq.
Lauren M. Studley, Esq.
Saurbier Law Firm, P.C.
400 Maple Park Blvd., Suite 402
St. Clair Shores, MI 48081
saurbierm@saurbier.com


*/s/ Dirk H. Beckwith*
Dirk H. Beckwith

3

10131118.1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED ROAD LOGISTICS, LLC,

        Plaintiff,

v.

DVM CAR TRANS, LLC, MICHAEL
SOYKHED and PROGRESSIVE
INSURANCE COMPANY,

        Defendants

Case No. 16-cv-10641-NGE
Hon. Nancy Edmunds

---

| | |
|---|---|
| SAURBIER LAW FIRM, P.C. | FOSTER SWIFT COLLINS & SMITH PC |
| By: Marc D. Saurbier (P39331) | By: Dirk H. Beckwith (P35609) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 400 Maple Park Blvd., Ste. 402 | 32300 Northwestern Highway, Suite 230 |
| St. Clair Shores, Michigan 48081 | Farmington Hills, Michigan 48334-1571 |
| 248.220.1538 | 248.539.9918 |

---

**BRIEF IN SUPPORT OF DVM CAR TRANS, LLC'S MOTION TO DISMISS COUNT I
OF UNITED ROAD'S COMPLAINT PURSUANT TO FED. R. CIV. PRO. 12(b) (6)
AND REQUEST FOR ORAL ARGUMENT**

10145887.1

# TABLE OF CONTENTS

CONCISE STATEMENT OF ISSUES PRESENTED      ii

CONTROLLING AND APPLICABLE AUTHORITY      iii

INDEX OF AUTHORITIES      iv

STANDARD OF REVIEW      1

STATEMENT OF FACTS      2

DISCUSSION

A.    The Broker/Contractor Agreement upon which United Road's Count I is based    3
is void and unenforceable because it contains no express waiver of the Carmack
Amendment as required by 49 U.S.C. §14101(b).

B.    United Road's claim in Count I is preempted as a matter of law by the Carmack    7
Amendment to the ICC Termination Act of 1995, 49 U.S.C. § 14706.

CONCLUSION      10

i

10145887.1

## CONCISE STATEMENT OF ISSUES PRESENTED

1.      Is United Road's Broker/Contractor Agreement, on which its Count I breach of contract claim against DVM is based, void and unenforceable because it did not include an express written waiver of the Carmack Amendment as required by 49 U.S.C. § 14101(b)?

> Defendant DVM answers, "Yes."

> Plaintiff United Road answers, "No."

2.      Does the Carmack Amendment to the ICC Termination Act of 1995, 49 U.S.C. § 14706, preempt Count I of United Road's Complaint?

> Defendant DVM answers, "Yes."

> Plaintiff United Road answers, "No."

10145887.1

## CONTROLLING AND APPLICABLE AUTHORITY

A.    Standard of Review.

*Gavitt v. Ionia County*, 67 F. Supp. 3d 838 (E.D. Mich. 2014)

*Hazime v. Fox TV Stations, Inc.,* 2013  U.S. Dist. LEXIS 116909; 2013  WL 4483485 (E.D. Mich. 2014, 2013)

B.    United Road's Broker/Contractor Agreement is void and unenforceable because it failed to include an express written waiver of the Carmack Amendment.

49 U.S.C. § 14101(b)

*Midamerican Energy Company v. Start Enterprises, Inc.,* 437 F. Supp. 2d (S.D. Iowa 2006).

*Custom Cartage, Inc. v. Motorola, Inc.,* 1999 U.S. Dist. LEXIS 16462, 1999 WL 965686, at *12 (N.D. Ill. 1999).

*Central Transport, Inc. v. Alcoa, Inc.,* 2006 WL 2844097 (E.D. Mich. 2006)

*Travelers Indemnity Co. of Illinois v. Schneider Specialized Carriers, Inc*., 2005 WL 351106 *5 (S.D.N.Y. 2005).

C.    The Carmack Amendment to the ICCTA, 49 U.S.C. § 14706, preempts Plaintiff United Road's breach of contract claim in Count  I.

49 U.S.C. §13501

49 U.S.C. §14706

*Adams Express v. Croninger*, 226 U.S. 491, 505-06 (1913).

*Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983)

*Louisville & Nashville R. Co. v. Rice*, 247 U.S. 201, 203 (1918)

*New York, N.H. & H.R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953).

*W. D. Lawson & Company v. Penn Central Company*, 456 F.2d 419, 422 (6th Cir. 1972).

*New York, N. H. & H. R. Co. v. Nothnagle*, 346 U.S. 128, 131, 73 S. Ct. 986, 97 L.Ed.

10145887.1

1500 (1953)

*Exel, Inc. v. Southern Refrigerated Transport, Inc.*, 807 F.3d 140, 148 (6th Cir. 2015).

*CNA Insurance Company v. Hyundai Merchant Marine Co.*, 747 F. 3d 339, 356 and n. 17 (6th Cir. 2014)

## INDEX OF AUTHORITIES

**Cases**

*Adams Express v. Croninger*, 226 U.S. 491, 505-06 (1913)    7

*Atchison T. & S.F. Ry. v. Harold*, 241 U.S. 371, 378 (1916)    8

*American Synthetic Rubber Corp. v. Louisville & N. R. Co.*,    9
422 F.2d 462 (6th Cir. 1970)

*Central Transport, Inc. v. Alcoa, Inc.*, 2006 WL 2844097 (E.D. Mich. 2006)    5

*CNA Insurance Company v. Hyundai Merchant Marine Co.*, 747 F. 3d 339 (6th Cir.    9
2014)

*Custom Cartage, Inc. v. Motorola, Inc.*, 1999 U.S. Dist. LEXIS 16462, 1999 WL    5
965686, at *12 (N.D. Ill. 1999).

*Exel, Inc. v. Southern Refrigerated Transport, Inc.*, 807 F.3d 140 (6th Cir. 2015).    9

*Gavitt v. Ionia County*, 67 F. Supp. 3d 838 (E.D. Mich. 2014)    1

*Gold Star Meat Co. v. Union P. R. Co.*, 438 F.2d 1270 (10th Cir. 1971)    9

*Hazime v. Fox TV Stations, Inc.*, 2013 U.S. Dist. LEXIS 116909;
2013 WL 4483485 (E.D. Mich. 2013)    1

*Louisville & Nashville R. Co. v. Rice*, 247 U.S. 201 (1918)    9

*Midamerican Energy Company v. Start Enterprises, Inc.*, 437 F. Supp. 2d  969    5
(S.D. Iowa 2006).

*Missouri P. R. Co. v. Porter*, 273 U.S. 341, 71 L.Ed. 672 (1927)    8

*New York, N. H. & H. R. Co. v. Nothnagle*, 346 U.S. 128, 73 S. Ct. 986, 97 L.Ed.    8
1500 (1953)

*St. Louis, I. M. & S. R. Co. v. Starbird*, 243 U.S. 592,  61 L.Ed. 917 (1917)    8

10145887.1

*Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533 (1983)                 8

*Travelers Indemnity Co. of Illinois v. Schneider Specialized Carriers, Inc.*, 2005 WL    5
351106 *5 (S.D.N.Y. 2005).

*W. D. Lawson & Company v. Penn Central Company*, 456 F. 2d 419 (6th Cir.                  8
1972)


**Federal Statutes**

49 U.S.C. §13501                                                                           7

49 U.S.C. §14101(b)                                                                        5

49 U.S.C. §14706                                                                           4

**Other Authorities**

Federal Rule of Civil Procedure 12(b) (6)                                                  1

10145887.1

# I. STANDARD OF REVIEW[1]

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss may be granted where the plaintiff's complaint fails to state a claim upon which relief can be granted. As this court has previously stated,

> The Sixth Circuit recently noted that under the United States Supreme Court's heightened pleading standard laid out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), "a complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 924-25 (6th Cir. 2013) (internal quotation marks and citations omitted). The court in *Estate of Barney* goes on to state that under *Iqbal*, "[a] claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks and citations omitted). Furthermore, "[w]hile the plausibility standard is not akin to a 'probability requirement,' the plausibility standard does ask for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Finally, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). If the plaintiffs do "not nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

*Gavitt v. Ionia County*, 67 F. Supp. 3d 838 (E.D. Mich. 2014).

In granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court also stated, in an unpublished decision, *Hazime v. Fox TV Stations, Inc.*, 2013 U.S. Dist. LEXIS 116909; 2013 WL 4483485 (E.D. Mich. 2013), as follows:

> A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. See *Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must [18] be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct.

---

[1] This case was removed to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, 1337(a), 1441 and 1446.

1

10145887.1

1955, 167 L. Ed. 2d 929 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 679 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 678 (internal quotation marks and citation omitted).

Applying the above standards to this case, DVM respectfully contends its motion to dismiss should be granted.

## II. STATEMENT OF FACTS

1. United Road is engaged in the business of arranging transportation of vehicles all over the United States. *Complaint,* ¶1.

2. DVM is a trucking company offering services of interstate transportation, pursuant to the authority conferred by the U.S. Department of Transportation, and registered with the Federal Motor Carrier Safety Administration. *Id.*, ¶ 2.

3. On or about July 20, 2013, United Road and DVM entered into a written contract called a "Broker/Contractor Agreement" for the purpose of the transportation of vehicles. *Id.*, ¶ 5 and **Exhibit 1** thereto.

10145887.1

4.     The contract was signed by DVM's Owner, Michael Soykhed. *Id.*

5.     Pursuant to the Exhibit 1 Contract, United Road hired DVM to pick up a 2015 Chevrolet Equinox motor vehicle in Springhill, Tennessee and deliver it to the consignee in Noblesville, Indiana. *Id.,* ¶ 9.

6.     On or about August 27, 2014, while under the exclusive custody and control of Defendant DVM, the 2000 Chevrolet Equinox . . . was delivered damaged during a night drop-off. The damage was discovered the following morning. *Id.,* ¶ 10.

7.     The car was subsequently destroyed by the manufacturer, at a total loss of $25,631.45 . . . which was charged to United Road. *Id.,* ¶ 13.

8.     United Road then paid the claim against it. *Id.,* ¶ 14.

9.     On the basis of its July 20, 2013 Broker/Contractor Agreement with DVM, United asserts a breach of contract claim demanding damages of $25,631.45, plus a 15% surcharge as described in the agreement, for total of $29,476.17. *Id.,* ¶¶ 15 – 18.

10.     On the basis of the above allegations of fact, United Road has alleged a single breach of contract claim against DVM in Count I. *Id.*

11.     The contract on which United Road's Count I claim is based—the July 20, 2013 Broker/Contractor Agreement with DVM, *Complaint*, Exhibit 1—does not include language by which DVM expressly waived the Carmack Amendment, 49 U.S.C. §14706, or any rights or remedies under Title 49, United States Code.

### III. DISCUSSION

**A.     The Broker/Contractor Agreement upon which United's Count I is based is void and unenforceable because it contains no express waiver of the Carmack Amendment as required by 49 U.S.C. §14101(b).**

The Carmack Amendment establishes the statutory baseline for determining the liability

3

10145887.1

of an interstate motor carrier (such as DVM) for interstate cargo damage:

    **(a)**      **General liability.**

        (1) Motor carriers and freight forwarders. A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 [49 USCS §§ 13501 et seq. or § 13531] shall issue a receipt or bill of lading for property it receives for transportation under this part [49 USCS §§ 13101 et seq.]. That carrier . . . [is] liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States . . . .

49 U.S.C. § 14706(a). Under the Carmack Amendment the rights, duties and liabilities of the parties are typically prescribed and defined by a bill of lading or receipt document. *Id.* However, Congress also recognized that there may be situations in which the parties to a transportation contract may choose to agree on terms and conditions which differ from those prescribed by a bill of lading under the liability regime prescribed by Carmack:

    **(b) Contracts with the shippers.**

        **(1) In general.** A carrier providing transportation or service subject to jurisdiction under chapter 135 may enter into a contract with a shipper, other than for the movement of household goods described in section 13102(10)(A), to provide specified services under specified rates and conditions. *If the shipper and carrier,* **in writing, expressly waive** *any or all rights and remedies under this part for the transportation covered by the contract,* the transportation provided under the contract shall not be subject to the waived rights and remedies and may not be subsequently challenged on the ground that it violates the waived rights and remedies. The parties may not waive the provisions governing registration, insurance, or safety fitness. (Emphasis added)

49 U.S.C. § 14101 (b).  Here, United Road's Broker/Contractor Agreement seeks to impose rights, remedies and conditions that are more onerous on DVM than the standard duties and burdens prescribed by the Carmack Amendment.  Under 49 U.S.C. § 14101(b),  in order for United Road's Broker/Contractor Agreement to validly and effectively govern DVM's liability as an interstate motor carrier in lieu of the Carmack Amendment and deny DVM the benefit of

10145887.1

Carmack's protections, it had to contain DVM's *express written waiver* of that statute—but it does not.

The requirement for an express written waiver of the Carmack Amendment under 49 U.S.C. § 14101 (b) is nothing new. "Section 14101 essentially permits parties to avoid liability under the Carmack Amendment when they 'in writing, expressly waive any or all rights' thereunder." *Midamerican Energy Company v. Start Enterprises, Inc.*, 437 F. Supp. 2d 969, 972 (S.D. Iowa 2006). "[I]n order to escape the reach of the Carmack Amendment, both parties to a contract carriage agreement must, 'in writing, expressly waive any or all rights and remedies under this part for the transportation covered by the contract.' *See* 14101(b) (1). Because there exists no evidence of any such express agreement, the Court finds that [the motor carrier] has not opted out of the protection of the Carmack Amendment and that the Carmack Amendment applies." *Custom Cartage, Inc. v. Motorola, Inc.*, 1999 U.S. Dist. LEXIS 16462, 1999 WL 965686, at *12 (N.D. Ill. 1999). *See also, Central Transport, Inc. v. Alcoa, Inc.,* 2006 WL 2844097 (E.D. Mich. 2006) citing *Travelers Indemnity Co. of Illinois v. Schneider Specialized Carriers, Inc.,* 2005 WL 351106 *5 (S.D.N.Y. 2005) (finding that provisions in a contract "setting forth the rates and procedures for handling cargo liability claims" were insufficient to show the parties intended to waive the rights and remedies provided under the Carmack Amendment).

On its face the Broker/Contractor Agreement between United Road and DVM has no language expressly waiving the Carmack Amendment. Hence, United Road's cargo damage claim against United—to the extent it may have one—would be governed exclusively by the Carmack Amendment, not the Broker/Contractor Agreement.

In addition to the absence of an express written waiver of the Carmack Amendment, the

5

10145887.1

following provisions of Broker/Contractor Agreement indicate that United Road obviously knew its agreement with DVM was subject to *federal* (i.e. Title 49) not state transportation laws and regulations:

- It refers to United's "Department of Transportation Broker Operating Authority Number MC526599 issued in accordance with 49 C.F.R. § 371."[2] *Broker/Contractor Agreement*, p. 1, third paragraph.

- It refers to DVM's interstate "Department of Transportation Operating Authority Number MC822296-C." *Id.,* fourth paragraph.

- It refers to DVM's express warranty "that it has all of the required and appropriate *Federal*, State and/or Local authority to engage in the business of hauling and/or transporting vehicles by motor vehicle." *Id.,* fifth paragraph. (Emphasis added)

Finally, to eliminate any possible doubt that United Road's claim against DVM arises under and is governed by the Carmack Amendment, not contract law, the Court need only look at Section 16 of the Broker/Contractor Agreement. That Section provides, as pertinent, "This Agreement shall be construed and/or interpreted in accordance with and be governed by the laws of the State of Michigan *and any Federal Regulations and/or legislation that pre-empts (sic) and/or supplements the laws of the State of Michigan*." (Emphasis added) By this language United Road admits that the Carmack Amendment—not the Broker/Contractor Agreement — applies exclusively to the determination of DVM's liability, if any, in this case.

---

[2] 49 C.F.R. § 371 comprise the Federal Motor Carrier Safety Administration's regulations governing the operations of interstate freight brokers such as United Roads.

6

**B.      The Carmack Amendment to the ICC Termination Act of 1995, 49 U.S.C. § 14706, preempts United's breach of contract claim in Count I.**

As is evident from the face of the Complaint, DVM transported the Equinox shipment from Tennessee to Indiana.  *Complaint,* ¶ 9.  Accordingly, the shipment moved in interstate commerce and is subject to and governed by the provisions of the Carmack Amendment.  49 U.S.C. §§ 13501 and 14706.  All claims against interstate motor carriers (such as DVM) for loss, damage or delay related to interstate shipments of goods are governed exclusively by that statute, which preempts United Road's breach of contract claim in Count I.  The Carmack Amendment provides, *inter alia*, as follows:

> A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 [49 U.S.C. §§13501 or 13531, governing motor carriers and freight forwarders] shall issue a receipt or bill of lading for the property it receives for transportation under this part.  That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 are liable to the person entitled to recover under the receipt or bill of lading.  The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States. . . .

49 U.S.C. § 14706(a).  The Supreme Court long ago established the principle that the Carmack Amendment preempts all state common law and statutory causes of action.  "Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it." *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913).  The Carmack Amendment, today codified at 49 U.S.C. § 14706, provides the exclusive remedy against interstate motor carrier for breach of a transportation agreement, supersedes all the regulations and policies of a particular state and governs exclusively the liability of an interstate motor carrier such as DVM.

10145887.1

"When Congress acted in this manner, the regulating power of the state ceased to exist." *Id*. In

*Adams Express*, the Supreme Court held:

> Almost every detail of the subject is covered so completely that there can be no rational doubt that Congress intended to take possession of the subject and supersede all state regulations with reference to it. . . . But it has been argued that the non-exclusive character of this regulation is manifested by the proviso of the section, and that state legislation upon the same subject is not superseded, and that the holder of any such bill of lading may resort to any right of action against such a carrier conferred by existing state law. This view is untenable. It would result in the nullification of the regulation of a national subject and operate to maintain the confusion of the diverse regulation which it was the purpose of Congress to put an end to. 226 U.S. 491, 505-506.

For years, the Supreme Court has steadfastly maintained the sweeping, comprehensive

scope of Carmack Amendment preemption and uniformity of treatment, regardless of state laws.

*See, e.g.*, *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983), *quoting*

*Louisville & Nashville R. Co. v. Rice*, 247 U.S. 201, 203 (1918) (" 'As to interstate shipments, ...

the parties are held to the responsibilities imposed by the federal law, to the exclusion of all other

rules of obligation.'"); *New York, N.H. & H.R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953);

*Atchison T. & S.F. Ry. v. Harold*, 241 U.S. 371, 378 (1916).

The United States Court of Appeals for the Sixth Circuit also has long recognized the

sweeping breadth of Carmack Amendment preemption of state law claims as established by

*Adams Express*. "As to the second issue posed by this appeal concerning whether or not the

Carmack Amendment preempted common law suits . . . , we hold that it did." *W. D. Lawson &*

*Company v. Penn Central Company*, 456 F.2d 419, 422 (6th Cir. 1972). Quoting extensively

from *Adams Express*, the *Lawson* Court observed, "This case has been repeatedly cited and

followed for the preemption doctrine for which we have cited it. *New York, N. H. & H. R. Co. v.*

*Nothnagle*, 346 U.S. 128, 131, 73. 986, 97 L.Ed. 1500 (1953); *Missouri P. R. Co. v. Porter*, 273

U.S. 341, 345, 347, 71 L.Ed. 672 (1927); *St. Louis, I. M. & S. R. Co. v. Starbird*, 243 U.S. 592,

8

595, 37. 462, 61 L.Ed. 917 (1917); *Gold Star Meat Co. v. Union P. R. Co.*, 438 F.2d 1270, 1272 note 1 (10th Cir. 1971); *American Synthetic Rubber Corp. v. Louisville & N. R. Co.*, 422 F.2d 462 (6th Cir. 1970)." *Id.*, 423.

More recently, the Sixth Circuit reaffirmed the principle that the Carmack Amendment created a uniform national framework for determining carrier liability for loss or damage to goods transported in interstate commerce. *Exel, Inc. v. Southern Refrigerated Transport, Inc.*, 807 F.3d 140, 148 (6th Cir. 2015). *See also CNA Insurance Company v. Hyundai Merchant Marine Co.*, 747 F. 3d 339, 356 and n. 17 (6th Cir. 2014) ("Recall that the Court had already established, in *Adams Express* . . . that the Carmack Amendment fully preempted state law concerning the liability of interstate rail and road carriers."). Countless other circuit, district and state court decisions throughout the country over the last 100 years have recognized and adopted the bedrock principle of Carmack Amendment preemption of all state common law and statutory claims against interstate motor carriers for interstate cargo loss and damage liability as originally laid down in *Adams Express*.

There is no doubt on this point: in the absence of an express written waiver of the Carmack Amendment, under long-settled principles of transportation law United Road's Broker/Contractor Agreement is null and void and therefore its common law breach of contract claim against DVM in Count I is preempted by the Carmack Amendment. On its face, United Road's Count I therefore is legally defective and neither this Court nor DVM should waste time litigating a legally defective claim.

9

## IV. CONCLUSION

For the foregoing reasons, the Court should grant DVM's Motion to Dismiss Count I with prejudice, pursuant to Fed. R. Civ. P. 12(b) (6).

FOSTER, SWIFT, COLLINS & SMITH

February 29, 2016

*/s/ Dirk H. Beckwith*
By:  Dirk H. Beckwith
Foster Swift Collins & Smith PC
32300 Northwestern Hwy., Suite 230
Farmington Hills, MI 48334
Tel. (248) 539-9918
dbeckwith@fosterswift.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, filed manually or through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (see below) on this 29th day of February, 2016.

Marc D. Saurbier, Esq.
Lauren M. Studley, Esq.
Saurbier Law Firm, P.C.
400 Maple Park Blvd., Suite 402
St. Clair Shores, MI 48081
saurbierm@saurbier.com

*/s/ Dirk H. Beckwith*
Dirk H. Beckwith

10

10145887.1